IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JEFFREY A. PLEASANT,

    Petitioner,

v.                                                Civil Action No. 3:16CV542

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION

Following a jury trial, this Court convicted Jeffrey A. Pleasant of two counts of interfering with commerce by threats or violence, two counts of carrying a firearm during and in relation to a crime of violence, two counts of possession of a firearm in furtherance of a crime of violence, and one count of possession of a firearm by a convicted felon. See United States v. Pleasant, 31 F. App'x 91, 92 (4th Cir. 2002). The Court sentenced Pleasant to 622 months of imprisonment. Id. By Memorandum Opinion and Order entered on April 22, 2003, the Court denied a motion under 28 U.S.C. § 2255 filed by Pleasant. United States v. Pleasant, No. 3:00CR71 (E.D. Va. Apr. 22, 2003), ECF Nos. 93-94. Since the dismissal of his § 2255 motion, Pleasant has inundated the Court with post-conviction motions challenging his federal convictions and state charges.

The matter is now before the Court on Pleasant's "Writ for Relief From Judgment Pursuant to 28 U.S.C. § 1651(a)." ("Writ

for Relief," ECF No. 1 (capitalization corrected).) As explained below, Pleasant's Writ for Relief must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, capias, habeas corpus . . . the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny

2

motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)). In other words, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Pleasant now argues that he has been denied the ability to seek relief through § 2255, that his federal prosecution violated speedy trial provisions, and that he has purported newly discovered evidence. As the Court has explained ad nauseam to Pleasant, any attempt to challenge his federal criminal convictions, no matter the label, will be dismissed as a successive, unauthorized 28 U.S.C. § 2255 motion. See Melton, 359 F.3d at 857. Accordingly, the Writ for Relief is properly construed as a successive 28 U.S.C. § 2255 motion. Because the Fourth Circuit has not authorized this Court to entertain Pleasant's successive § 2255 motion, the action will be dismissed for want of jurisdiction.

3

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Pleasant fails to satisfy this standard. Accordingly, a COA will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Pleasant and counsel for the United States.

It is so ORDERED.

Date: September 14, 2016
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge

4